Order of disposition, Family Court, Bronx County (Robert R. Reed, J.), entered on or about February 18, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she had committed the act of unlawful possession of a weapon (ammunition) by a person under 16, and an act which, if committed by an adult, would constitute the crime of possession of pistol ammunition in violation of Administrative Code of the City of New York § 10-131 (i) (3), and placed her with the Office of Children and Family Services for a period of 12 months, unanimously reversed, on the facts, without costs, and the petition dismissed.
On October 28, 2008, police officers responded to a 911 call placed by Camille B., appellant’s mother. Ms. B. reported that appellant’s stepfather had found a gun in their daughter’s bedroom. The gun was a .25 caliber semiautomatic pistol. After the officers recovered the gun, they picked up appellant from school around 12:15 p.m. and transported her to a police precinct for questioning.
Upon arriving at the precinct, appellant was escorted to the juvenile room. It is a small room with a desk, chairs and a metal bar along the wall. The bar is used to handcuff juveniles when they are under arrest. At this time, appellant was not restrained as she was not under arrest. When appellant’s mother arrived, an officer read appellant her Miranda rights. Appellant and her *476 mother acknowledged several times that they understood the Miranda warnings and the two of them signed a form acknowledging that.
In response to the officer’s questions, appellant stated the gun was hers and she bought it the previous week. The officer told appellant he did not believe her story. At around 2:00 p.m., appellant was arrested and had one hand handcuffed to the metal bar because they did not have cells for juveniles. Since appellant was now a prisoner, her mother was asked to wait outside the room.
Thereafter the officer processed appellant’s arrest. The process took approximately 4½ hours. An officer testified that this amount of time is not unusual because gun crimes require extra paperwork and procedures that need to be followed.
After the arrest was processed, appellant’s mother was brought back into the room arid an officer read appellant Miranda warnings for a second time. Appellant then admitted the gun belonged to her boyfriend and that she had put the gun under her bed. Appellant stated that the day before her boyfriend asked her to hold the gun because there were cops downstairs and he did not want to get caught with it. She also stated she did not know if the gun was loaded or not. In response to additional questions posed by the officers, appellant said she had never heard of her boyfriend or his friends being involved in any robberies. Thereafter appellant committed her statement to writing. The officers did not make any promises of leniency.
Family Court properly denied appellant’s motion to suppress her written confession. Viewing as a whole the chain of events leading to the written statement, we conclude that it was voluntary under all the circumstances (see Arizona v Fulminante, 499 US 279, 285-286 [1991]; People v Mateo, 2 NY3d 383, 413-416 [2004], cert denied 542 US 946 [2004]). All the relevant events took place in a designated juvenile room with appellant’s mother present or nearby. The time appellant was in police custody was reasonable, given the delays involved in processing a firearm arrest, and her statement was not the product of a promise of leniency.
Family Court’s determination that appellant possessed ammunition is against the weight of the evidence. “While great deference is ordinarily accorded to the determination of the trier of facts . . . , this deference ‘must give way when the appellate court determines that the fact findings under review are against the weight of the evidence’ ” (Matter of Gregory J., 204 AD2d 68, 70 [1994], quoting People v Lopez, 95 AD2d 241, 252 [1983], lv denied 60 NY2d 968 [1983]).
*477 Here, in arguing that appellant knowingly possessed ammunition, the presentment agency relied on her statement that she did not know whether the gun was loaded or not. While this statement, on its face, is sufficient to prove that appellant knew she possessed a gun, it does not prove that appellant knowingly possessed ammunition. The statement merely indicates that appellant knew her boyfriend’s gun, like all guns, could be loaded. Nonetheless, Family Court found appellant had the requisite mental culpability for the ammunition counts because her statement showed that she knew one of the options was the gun could be loaded. However, there was no evidence that appellant knew whether the gun was recently fired or that appellant and her boyfriend discussed whether the gun was loaded. There also was no evidence appellant actually knew how guns worked. Thus, the court’s decision was based solely on the hypothetical possibility that appellant may have known that there was ammunition in the gun.
Given the lack of inculpatory evidence in the record, we would have to apply a strict liability standard to find that appellant committed the charged crimes. The presentment agency did not make such an argument below and the lower court’s findings are correctly based on a knowing possession standard. Under that standard, the findings are against the weight of the evidence and must be set aside. Concur—Saxe, J.E, Catterson, Renwick, Richter and Abdus-Salaam, JJ.